| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| MOHAMMAD IMAM HOSSAIN, | |
| Plaintiff, | |
| – against – | **MEMORANDUM & ORDER** |
| UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, | 24-CV-5039 (ERK) |
| Defendant. | |

Korman, *J.*:

Plaintiff Mohammad Imam Hossain brought this action seeking an order compelling the United States Citizenship and Immigration Services ("USCIS") to act on his pending Application for Asylum and for Withholding of Removal ("asylum application" or "I-589") within thirty days. USCIS moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

The factual allegations are taken from the complaint and accepted as true. Plaintiff is a national and citizen of Bangladesh. Compl. ¶ 3, ECF No. 1. He filed a Form I-589 with USCIS on September 29, 2021, which the agency has not acted on. *Id.* ¶¶ 6–8. Several asylum applications filed after Plaintiff's have been adjudicated. *Id.* ¶ 10. Plaintiff alleges that he is unable to travel internationally as an asylum

applicant and that the delay has thus harmed him by prohibiting him from seeing his parents in a "safe third country" and from meeting a Bangladeshi woman outside of the United States to marry. *Id.* ¶¶ 12, 14–19.

In a counseled complaint filed on July 20, 2024, Plaintiff asserts one cause of action for undue delay, which he refers to interchangeably as arising under the Administrative Procedure Act ("APA") or as a basis for mandamus relief. *Id.* ¶¶ 21, 35; Plaintiff's Opp. Br. at 11, ECF No. 14. He requests an order compelling USCIS to approve, deny, or refer his application to an immigration judge within thirty days. Compl. ¶ 36.

## DISCUSSION

### I. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(b)(6) motion, a district court may take judicial notice of and "rely on matters of public record," *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998), including "information publicly announced

2

on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination," *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 463 (S.D.N.Y. 2020) (quotation marks and citations omitted); *accord Mu v. USCIS*, No. 23-CV-2067, 2023 WL 4687077, at *2 (E.D.N.Y. July 22, 2023) (taking judicial notice of USCIS's process for adjudicating asylum applications, as described on USCIS's website); *Aydemir v. Garland*, No. 22-CV-100, 2022 WL 4085846, at *3 n.3 (S.D.N.Y. Sept. 6, 2022) (taking judicial notice of processing times on USCIS's website).

"Dismissal . . . for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate" a claim. *Ford v. D.C. 37 Union Loc. 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (quotation marks and citation omitted).

## II.   APA

The APA provides for judicial review of agency action that is "unreasonably delayed." 5 U.S.C. § 706(1). Passage of time alone cannot support a claim for unreasonable delay. *Xu v. Cissna*, 434 F. Supp. 3d 43, 53 (S.D.N.Y. 2020). Instead, courts evaluate the reasonableness of delayed agency action under six factors first espoused in *Telecommunications Research & Action Center v. FCC* ("*TRAC*" and the "*TRAC* factors"):

> (1) the time agencies take to make decisions must be governed by a rule of reason; (ii) where Congress has provided a timetable or other

3

> indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (iii) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (iv) the effect of expediting delayed action on agency activities of a higher or competing priority; (v) the nature and extent of the interests prejudiced by delay; and (vi) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

750 F.2d 70, 80 (D.C. Cir. 1984) (quotation marks and citations omitted); *Xu*, 434 F. Supp. 3d at 53–55 (applying *TRAC* factors to similar claim).

The application of *TRAC* in this case is essentially indistinguishable from the significant body of case law in this Circuit dismissing similar APA claims. First, USCIS's process for adjudicating I-589's is a rule of reason. Since 2018, USCIS processes I-589's on a "last in, first out" ("LIFO") basis in an effort to quell fraudulent applications seeking to capitalize on the employment authorization and protection from removal that exist during the pendency of an I-589.[1] In March 2024, USCIS added a parallel "first in, first out" ("FIFO") review track to work through the backlog of pending applications that the agency could not address within its stated twenty-one-day timeline for reviewing new applications under LIFO.[2]

---

[1] *See* USCIS, July 15, 2021 Response to Rep. Connolly's Letter 2, https://www.uscis.gov/sites/default/files/document/foia/Asylum_Cases_Pending-Representative_Connolly.pdf; Def. Mem. at 6–12, ECF No. 13.

[2] *See* USCIS, Affirmative Asylum Interview Scheduling, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling; Def. Mem. at 6–12.

4

Many courts have deemed the LIFO system a rule of reason, *He v. Garland*, No. 23-CV-05386, 2024 WL 3708146, at *3 (E.D.N.Y. Aug. 7, 2024); *Zheng v. Garland*, No. 22-CV-6039, 2024 WL 333090, at *6 (E.D.N.Y. Jan. 29, 2024); *Konde v. Raufer*, No. 23-CV-4265, 2024 WL 2221227, at *3 (S.D.N.Y. May 16, 2024); a FIFO system has been deemed a rule of reason in other immigration contexts, *Aydemir*, 2022 WL 4085846, at *4; *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 261 (E.D.N.Y. 2021); and a court has found the combination of LIFO and FIFO to be a rule of reason in the asylum context, *Tawah v. Mayorkas*, No. 23-CV-2920, 2024 WL 2155060, at *3 (D. Md. May 14, 2024). It follows from LIFO being a rule of reason that a system with an additional parallel track to work through the backlog from the opposite direction remains reasonable. The first *TRAC* factor therefore favors USCIS.[3]

As to the second *TRAC* factor, Congress has provided a timeframe for the processing of asylum applications in the Immigration and Nationality Act ("INA"):

---

[3] Plaintiff argues that USCIS's administration of the LIFO system is not a rule of reason because the agency did not act on his 2021 application, which was filed after the agency instituted LIFO, within the agency's stated twenty-one-day timeline. Plaintiff's Opp. Br. at 4–5, 11. This argument fails to appreciate that the FIFO track was instituted to address this very problem, *i.e.*, to review applications that the agency could not reach within twenty-one days under LIFO. Plaintiff's citation to *Gonzalez v. Cuccinelli*, 985 F.3d 357 (4th Cir. 2020), is off the mark because that decision involved a different immigration application handled under a different type of FIFO system. *Id.* at 376.

5

"[I]n the absence of exceptional circumstances, final administrative adjudication of the asylum application . . . shall be completed within 180 days after the date an application is filed." 8 U.S.C. § 1158(d)(5)(A)(iii). However, the prefatory "absen[t] exceptional circumstances" qualifier "suggest[s] that Congress intended that the timeline not apply while the USCIS is dealing with an exceptional level of asylum applicants." *Zhuo v. Mayorkas*, No. 23-CV-5416, 2024 WL 4309232, at *4 (E.D.N.Y. Sept. 26, 2024). Further, § 1158(d)(7)[4]—which bars a private right of action to enforce that timeline—"supplies additional evidence of Congress'[s] intent that the timeline is not mandatory." *Id.* For these reasons, the INA's timeframe does not indicate that the LIFO/FIFO system is not a rule of reason. *Id.* Indeed, even considering the INA, courts have consistently declined to weigh the second *TRAC* factor in favor of asylum applicants suffering delays similar to or longer than the delay in this case. *Maxhuni v. Mayorkas*, No. 23-CV-9076, 2024 WL 3090165, at *1 (S.D.N.Y. June 20, 2024) (delay of five years); *De Oliveira v. Barr*, No. 19-CV-1508, 2020 WL 1941231, at *4 (E.D.N.Y. Apr. 22, 2020) (almost four years).

The third and fifth *TRAC* factors, which speak to the human interests prejudiced by the delay, also favor dismissal. Plaintiff's alleged harms of an inability to travel internationally to see his parents or pursue romance, while deserving of

---

[4] That provision provides: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States . . . ." 8 U.S.C. § 1158(d)(7).

6

sympathy, do not set him apart from the many other asylum applicants in the backlog who almost invariably suffer from similar emotional struggles caused by separation from family and culture, as courts have recognized. *See Yang v. Houghton*, No. 21-CV-5485, 2021 WL 5879033, at *2 (E.D.N.Y. Dec. 13, 2021); *De Oliveira*, 2020 WL 1941231, at *5; *Zheng*, 2024 WL 333090, at *6. Moreover, Plaintiff *could* travel internationally and return to the United States without impacting his asylum claim if he obtained advanced parole, for which he has not claimed to have applied. 8 C.F.R. § 212.5; Def. Mem. at 13–14.

Finally, the fourth factor requires courts to dismiss an APA claim where the requested relief would simply move a plaintiff to the front of the backlog, push all others back, and produce "no net gain," even if "all the other factors considered in *TRAC*" suggest an unreasonable delay. *Xu*, 434 F. Supp. 3d at 54 (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). A chorus of judges has echoed a similar principle on this factor: ordering immediate adjudication of Plaintiff's claim would simply leapfrog him ahead of others in the backlog for no reason other than his choice to file suit, producing "no net gain," undermining USCIS's system for working through the backlog, and favoring Plaintiff over other applicants who are equally deserving of adjudication. *E.g.*, *He*, 2024 WL 3708146, at *3; *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 224–25 (E.D.N.Y. 2021) (dismissing APA claim under fourth factor without discussing other

three); *Xu v. Nielsen*, No. 18-CV-2048, 2018 WL 2451202, at *2 (E.D.N.Y. May 31, 2018). Plaintiff's APA claim is therefore dismissed.

### III. Mandamus

I liberally construe Plaintiff's complaint to assert a claim for mandamus relief but find that this claim also warrants dismissal. Again, the analysis rejecting this type of mandamus claim follows a well-trodden path. Mandamus relief is an "extraordinary remedy," *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009), available only to plaintiffs who demonstrate (1) a "clear right" to the relief sought; (2) that the defendant has a plainly defined "peremptory duty" to do the act in question; and (3) that there is no other adequate remedy available, *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

Courts have dismissed actions seeking mandamus relief to compel USCIS to evaluate asylum applications both for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[5] Following recent

---

[5] As Judge Cogan explained:

> It is not always clear whether a failure to satisfy the elements of a mandamus claim under § 1361 warrants dismissal for lack of jurisdiction or for failure to state a claim. *See* 14 C. Wright, A. Miller & H. Hershkoff, *Federal Practice & Procedure* § 3655 (4th ed. 2020) (addressing this recurring issue). The Second Circuit has not decided the issue, although it has affirmed district court decisions that dismissed for lack of jurisdiction. *See, e.g.*, *H.M.G. v. Johnson*, 599 F. App'x 396, 399 (2d Cir. 2015). I think the better and more modern view is that I have subject matter jurisdiction over the alleged claim, but plaintiffs

8

decisions in this district, I adopt the "better and more modern view" to analyze the claim under Rule 12(b)(6). *City of New York*, 519 F. Supp. 3d at 127 n.9; *see also He*, 2024 WL 3708146, at *2; *Zheng*, 2024 WL 333090, at *4 (collecting cases handling mandamus claims under Rule 12(b)(6)).

Turning to the three-part test, it is well-established that the INA, specifically § 1158(d)(7), precludes a "clear right" to enforce the 180-day timeline for adjudicating asylum applications that it prescribes in § 1158(d)(5)(A)(iii). *E.g.*, *Ngai v. Mayorkas*, No. 22-CV-5358, 2024 WL 1346530, at *2 (E.D.N.Y. Mar. 29, 2024) (describing a "legion of courts" that have concluded the same); *Zheng*, 2024 WL 333090, at *4. However, it is unclear whether Plaintiff asserts a right under the INA's specific timeline for adjudicating asylum applications or under the APA's general provisions requiring agencies to conclude matters in a reasonable timeframe. *See* 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."); 5 U.S.C. § 706(1) (providing for judicial review of agency action that is "unreasonably delayed."); Compl. ¶ 20 (citing § 555(b)).

---

have failed to adequately state it. *See, e.g.*, *Sebelius v. Auburn Regional Medical Center*, 568 U.S. 145 (2013); *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); *Lotes Co., Ltd. v. Hon Hai Precision Industry Co.*, 753 F.3d 395 (2d Cir. 2014).

*City of New York v. U.S. Postal Serv.*, 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021).

9

In any event, a mandamus claim to enforce the APA's timeliness provisions necessarily fails under the third element of the tripartite mandamus test because the APA provides an alternate remedy, even if a parallel APA claim ultimately fails. *Luo v. USCIS*, No. 23-CV-1104, 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023) (denying mandamus relief because "an alternative adequate remedy [was] possible under the APA . . . even though . . . Plaintiff's APA claim also fails on the merits"); *Almakalani*, 527 F. Supp. 3d at 226 (dismissing mandamus claim because alternative remedy existed in § 706(1) of the APA). Furthermore, because Plaintiff did not allege that he submitted a request to expedite the adjudication of his I-589, he cannot demonstrate the absence of this alternate remedy. *He*, 2024 WL 3708146, at *2; *Ngai*, 2024 WL 1346530, at *2. For these reasons, Plaintiff is not entitled to mandamus relief.

## CONCLUSION

Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.

SO ORDERED.

*Edward R. Korman*
Edward R. Korman
United States District Judge

Brooklyn, New York
January 16, 2025

10